IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO: 19-23651-CIV-UNGARO

**LORRAINE MAHEU,**

    Plaintiff,
vs.

**CARNIVAL CORP.,**

    Defendant,
_____/

## JOINT PLANNING AND SCHEDULING REPORT

Plaintiff, Lorraine Maheu ("Maheu"), and Defendant, Carnival Corp. ("Carnival") (collectively the "Parties"), pursuant to Fed. R. Civ. P. 26(f), S.D. Fla. L.R. 16.1(b), and this Court's Order Setting Initial Planning and Scheduling Conference [DE 6], hereby file their Joint Discovery Plan and Conference Report and Proposed Scheduling Order advising the Court as follows.[1]

    A)    **A plain statement of the nature of the claim and any counterclaims, cross-claims, or third-party claim, including the amount of damages claimed and any other relief sought.**

The Complaint [DE 1] sets out Maheu's negligence claim against Carnival. Plaintiff alleges personal injury on September 17, 2018 (the "Date of Incident") while a passenger onboard the "Carnival Conquest". *See* Complaint at ¶¶ 7-8. Specifically, Plaintiff alleges she was walking down the area known as the "Lido Deck" when the heel of her shoe got stuck in a large hole in a loose and unstable grating plate causing her to fall and resulting in multiple fractures to her humerus. *See Id.* at ¶10. The Complaint contains a single count for negligence.

In its Answer [DE 13], Carnival has denied all liability and damages and has set out

---

[1] A copy of the Proposed Scheduling Order is attached as Exhibit 1.

affirmative defenses, which are incorporated by reference.

No counterclaims, cross-claims, or third-party claims have been filed in this action. The Complaint seeks unspecified legal damages. Plaintiff is still undergoing treatment for her claimed injuries and for this reason her alleged damages have not yet been fully calculated. However, her alleged damages are believed to be in excess of $75,000. *See* Complaint [DE 1] at ¶3.

**B)** **A brief summary of the facts which are uncontested or which can be stipulated to without discovery.**

The following facts are uncontested and stipulated to by the Parties:

1) For purposes of this litigation only, Carnival is a foreign corporation that is incorporated in Panama and is authorized to conduct, and does conduct business in the State of Florida. At all times material hereto, Carnival maintained its principal place of business in Miami-Dade County, Florida. *See* Complaint [DE 1] at ¶2 and Answer [DE 13] at ¶2.

2) This Court has personal and admiralty jurisdiction over this matter. *See* Complaint [DE 1] at ¶¶ 2-3 and 5 and Answer [DE 13] at ¶¶ 2-3 and 5.

3) Venue is proper in the United States District Court for the Southern District of Florida. *See* Complaint [DE 1] at ¶¶4-5 and Answer [DE 13] at ¶¶4-5.

4) Plaintiff was a passenger subject to the terms and conditions of her Ticket Contract on the Conquest on the Date of Incident. *See* Complaint [DE 1] at ¶8 and Answer [DE 13] at ¶8.

5) For purpose of this litigation only, Carnival was the owner of the Conquest on the Date of Incident. *See* Complaint [DE 1] at ¶9 and Answer [DE 13] at ¶9.

**C)** **A brief summary of the issues as presently known.**

The following are the issues in this action as presently known:

1) Whether Carnival was negligent.

2) Whether Plaintiff was negligent.

3) Whether Plaintiff's claimed damages, if any, were caused by the accident alleged in the complaint.

4) Whether Plaintiff's claimed damages, if any, are reasonable and related to the accident alleged in the complaint.

**D) Whether discovery should be conducted in phases or limited to particular issues.**

The Parties do not believe that discovery should be conducted in phases or otherwise limited to particular issues beyond the limitations already provided for in the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Florida.

**E) A detailed schedule of discovery for each party.**

The Parties respectfully refer the Court to the attached Proposed Scheduling Order for the discovery plan proposed by the Parties.

**F) Proposed deadlines for joinder of other parties and to amend the pleadings, to file and hear motions and to complete discovery.**

The Parties respectfully refer the Court to the attached Proposed Scheduling Order for the proposed deadlines.

**G) Proposed approximate dates for final pre-trial conferences and trial.**

Pursuant to the "Standard Track" guideline provided for in S.D. Fla. L. R. 16.1(a)(2)(B), the Parties propose that the trial of this action take place on or around November 9, 2020 and that a final pre-trial conference be set on or around October 21, 2020.

**H) The projected time necessary for trial and a statement of whether the case is jury or non-jury trial.**

A jury trial has been demanded in the Complaint [DE 1]. At present, the Parties believe that the trial of this cause will take between 3-5 days to complete.

I) **A list of all pending motions, whether each motion is ripe for review, the date each motion became ripe, and a summary of the parties' respective positions with respect to each ripe motion.**

No motions are currently pending before the Court.

J) **Any unique legal or factual aspects of the case requiring special consideration by the Court.**

At present, the Parties do not believe that there are any unique legal or factual aspects of this case which require special consideration by the Court.

K) **Any potential need for references to a special master or magistrate.**

The Parties stipulate to the referral of all discovery motions to the Magistrate Judge.

L) **The status and likelihood of settlement.**

The Parties intend to explore early settlement negotiations in this case and will continue to discuss settlement possibilities throughout this case as deemed appropriate.

M) **Such other matters as are required by Local Rule 16.1(B) and as may aid the Court in setting the case for status or pretrial conference and in the fair and expeditious administration and disposition of this action.**

The items required by S.D. Fla. L.R. 16.1(b)(2)(A), (C), (H), (I) and (J) are addressed above and/or in the attached Proposed Scheduling Order. The remaining items required by S.D. Fla. L.R. 16.1(b) are addressed below as follows:

**(A) the likelihood of appearance in the action of additional parties.**

Neither Party currently anticipates the appearance of additional parties.

**(B) proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment.**

Presently, the Parties do not have any proposals for the formulation and simplification of issues.

**(C) the necessity or desirability of amendments to the pleadings.**

Neither Party currently believes that an amendment to the pleadings will be necessary.

**(D) the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence.**

The Parties anticipate that they will work to present the Court with a stipulation on certain facts and evidence prior to the trial of this cause.

**(E) suggestions for the avoidance of unnecessary proof and of cumulative evidence.**

None at this time.

**(F) any issues about: (i) disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced; (ii) claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert those claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502; and (iii) when the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist.**

None at this time.

**(G) any other information that might be helpful to the Court in setting the case for status or pretrial conference.**

None.

## INITIAL DISCLOSURE CERTIFICATION

Pursuant to this Court's Order Setting Initial Planning and Scheduling Conference [DE 6], the Parties hereby certify that they will serve each other their Initial Disclosures as required by Fed. R. Civ. P. 26(a).

*Maheu v. Carnival Corp.*
Case No. 19-23651-CIV-UNGARO
Page **6** of **6**

Respectfully submitted,

| | |
|---|---|
| **OBRONT COREY, PLLC**<br>Attorneys for Maheu<br>One Bayfront Tower<br>100 South Biscayne Blvd., Suite 800<br>Miami, Florida 33131<br>Phone: (305) 373-1040<br>Fax: (305) 373-2040<br><br>By: */s/ Curt D. Obront*<br>**CURT DAVID OBRONT**<br>Florida Bar No. 402494 | **CARNIVAL CORPORATION**<br>*Counsel for Carnival*<br>3655 N.W. 87th Avenue<br>Miami, Florida 33178-2428<br>(305) 406-7556 Direct Phone<br>(305) 599-2600 Ext. 18024 Assistant's Phone<br>(305) 406-4732 Telefax<br><br>By: */s/ Valentina M. Tejera*<br>**VALENTINA M. TEJERA, ESQ.**<br>Florida Bar No. 536946 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List by CM/ECF transmission.

*/s/ Curt D. Obront*

**SERVICE LIST**

VALENTINA M. TEJERA, ESQ.
Email: vtejera@carnival.com
3655 N.W. 87th Avenue
Miami, FL 33178
Telephone: (305) 406-7556
Facsimile: (305) 406-4732
Attorney for Defendant, CARNIVAL

CURT OBRONT, ESQ.
Email: curt@obrontcorey.com
OBRONT COREY, PLLC
100 South Biscayne Boulevard, Suite 800
Miami, FL 33131
Telephone: (305) 373-1040
Facsimile: (305) 373-2040
Attorney for Plaintiff